| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| EASTERN DISTRICT OF NEW YORK, BROOKLYN DIVISION |
| Case number *(if known)* _____  Chapter **11** |

☐ Check if this an amended filing

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy       4/16

**If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known). For more information, a separate document,** *Instructions for Bankruptcy Forms for Non-Individuals,* **is available.**

| | | |
|---|---|---|
| **1.** | **Debtor's name** | **9010 H Development Corp.** |
| **2.** | **All other names debtor used in the last 8 years** Include any assumed names, trade names and *doing business as* names | |
| **3.** | **Debtor's federal Employer Identification Number (EIN)** | **81-2379882** |
| **4.** | **Debtor's address** | **Principal place of business** **142 Crescent St Brooklyn, NY 11208-1645** Number, Street, City, State & ZIP Code  **Kings** County | **Mailing address, if different from principal place of business** _____ P.O. Box, Number, Street, City, State & ZIP Code  **Location of principal assets, if different from principal place of business**  **9010 Holland Ave Far Rockaway, NY 11693-1525** Number, Street, City, State & ZIP Code |
| **5.** | **Debtor's website** (URL) | |
| **6.** | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))  ☐ Partnership (excluding LLP)  ☐ Other. Specify: _____ |

Debtor    **9010 H Development Corp.**    Case number (*if known*) _____
        Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))
☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))
☐ Railroad (as defined in 11 U.S.C. § 101(44))
☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))
☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))
☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))
■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)
☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)
☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.uscourts.gov/four-digit-national-association-naics-codes.
_____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7
☐ Chapter 9
■ Chapter 11. *Check all that apply*:

　　■ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,566,050 (amount subject to adjustment on 4/01/19 and every 3 years after that).
　　☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).
　　☐ A plan is being filed with this petition.
　　☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).
　　☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.
　　☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

■ No.
☐ Yes.

If more than 2 cases, attach a separate list.

| | District | When | Case number |
|---|---|---|---|
| | District | When | Case number |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

| | Debtor | | Relationship |
|---|---|---|---|
| | District | When | Case number, if known |

Debtor   **9010 H Development Corp.**                                    Case number (*if known*) _____
         Name

**11. Why is the case filed in** *this district?*   *Check all that apply:*

■  Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐  A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**
☐ No
☐ Yes.   Insurance agency _____
         Contact name _____
         Phone _____

---

■   **Statistical and administrative information**

**13. Debtor's estimation of available funds**   .   *Check one:*

☐ Funds will be available for distribution to unsecured creditors.
■ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000
☐ $50,001 - $100,000
■ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

Debtor  **9010 H Development Corp.**  Case number (*if known*) _____
      Name

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is trued and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  **June 22, 2016**
      MM / DD / YYYY

X  */s/ David Cohan*       **David Cohan**
Signature of authorized representative of debtor    Printed name

Title  **Officer**

**18. Signature of attorney**

X  */s/ Eric H. Horn*       Date **June 22, 2016**
Signature of attorney for debtor    MM / DD / YYYY

**Eric Horn**
Printed name

**Vogel Bach & Horn LLP**
Firm name

**1441 Broadway - 5th FL**
**New York, NY 10018**
Number, Street, City, State & ZIP Code

Contact phone  **212-242-8350**  Email address  **ehorn@vogelbachpc.com**

_____
Bar number and State

ACTION BY WRITTEN CONSENT
OF THE
BOARD OF DIRECTORS
OF
9010 H DEVELOPMENT CORP.

**Dated:  June 22, 2016**

The undersigned, having full authority of the board of directors (the "***Board***") of 9010 H Development Corp. (the "**Company**"), hereby consents to the following actions and adopts the following resolutions as of the date hereof:

**WHEREAS**, the Board has reviewed and considered the financial and operational condition of the Company and the Company's business on the date hereof; and

**WHEREAS**, the Board has received, reviewed, and considered the recommendations of the senior management of the Company and the Company's legal, financial and other advisors as to the relative risks and benefits of pursuing a bankruptcy proceeding under the provisions of Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

**NOW, THEREFORE, IT IS**:

**RESOLVED** that, in the judgment of the Board, having reviewed and considered the financial condition of the Company and the Company's business on the date hereof, that it is desirable and in the best interests of the Company, and its creditors, and other interested parties, that a voluntary petition be filed by the Company under the provisions of Chapter 11 of the Bankruptcy Code (the "**Chapter 11 Case**");

**RESOLVED FURTHER** that David Cohan and such other officers or persons as as are authorized (each, an "**Officer**" and collectively, the "**Officers**") be, and each are, authorized and directed to execute and file on behalf of the Company all petitions, schedules, lists, and other papers or documents with the appropriate court under the Bankruptcy Code and to take any and all action that they deem necessary, proper, or advisable to obtain such relief under the Bankruptcy Code, including, without limitation, any action necessary to maintain the ordinary course operation of the Company's business;

**RESOLVED FURTHER** that the law firm of Vogel Bach & Horn, LLP be employed as counsel to the Company to represent and assist the Company in carrying out the Company's duties under the Bankruptcy Code, and to take any and all actions to advance the Company's rights, including, the preparation of pleadings and filings in connection with the Chapter 11 Case, the Officers of the Company are hereby authorized and directed to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain services of Vogel Bach & Horn, LLP;

**RESOLVED FURTHER**, that the Officers are, and any one of them acting alone is, hereby authorized, empowered, and directed, in the name and on behalf of the Company, to take such additional actions, to perform all acts and deed, and to execute, ratify, certify, deliver, file, and record such additional agreements, notices, certificates, instruments, applications, payments, letters and documents as any of them may deem necessary or advisable to implement the provisions of the foregoing resolutions, and to appoint such agents on behalf of the Company as such Officers, and any of them, may deem necessary or advisable in connection with any financing arrangement or the sale of assets, and the transactions contemplated by any of the foregoing, the authority for the taking of such action to be conclusive evidence thereof;

**RESOLVED FURTHER**, that all of the acts and transactions taken by the Officers in the name and on behalf of the Company, relating to matters contemplated by the foregoing resolutions, which acts would have been approved by the foregoing resolutions except that such acts were taken prior to the execution of these resolutions, are hereby in all respects confirmed, approved and ratified; and

**RESOLVED FURTHER** that this written consent may be executed in any number of counterparts and by facsimile, portable document format, or other reproduction, and such execution shall be considered valid, binding, and effective for all purposes.

*[Signature Page Follows]*

**IN WITNESS WHEREOF**, the undersigned has executed this written consent as of the date first written above.

                                        **9010 H DEVELOPMENT CORP.**

                             By: */s/ David Cohan*
                                 Name:  David Cohan

**VOGEL BACH & HORN, LLP**
Eric H. Horn, Esq.
1441 Broadway, 5th Floor
New York, New York 10018
Tel. (212) 242-8350
Fax (646) 607-2075

*Proposed Counsel to the Debtor and*
*Debtor-in-Possession*

**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>9010 H Development Corp.,<br><br>Debtor. | Chapter 11<br><br>Case No. 16-_____ (___) |

**DECLARATION OF DAVID COHAN PURSUANT TO RULE**
**1007-4 OF THE LOCAL RULES FOR THE UNITED STATES**
**BANKRUPTCY COURT FOR THE EASTERN DISTRICT OF NEW YORK**

1. I, David Cohan, am a 100% equity owner of the above debtor and debtor-in-possession (the "***Debtor***"), a New York Corporation with offices at 142 Crescent Street, Brooklyn, New York 11208. This declaration is submitted by the Debtor pursuant to the Local Rules of this Court, in connection with filing of a Chapter 11 case by the above Debtor.

2. The Debtor is in the business of owning a certain property located at 90-10 Holland Avenue, Far Rockaway, New York 11693 (the "***Property***"). The Property is a two (2) unit rental property that was badly damaged in Hurricane Sandy. The tenant payments yield the Debtor approximately $2,000 per month, but the Debtor is able to collect approximately $1,000 per month.

3. The Property was purchased by the Debtor approximately two months ago.

The mortgage held by Washington Mutual is with Delsie Hammond, whom upon information and belief, sold it to the entity that the Debtor purchased the Property from. The Property is the subject of a foreclosure action pending in the Queens County Supreme Court titled *Wilmington Savings Fund Society, FSB v. Delsie Hammond*, – Index No. 31493/2007, where a judgment was entered. The auction and sale of the Property was stayed by the Chapter 11 filing.

4. Currently the lender asserts that there is in excess of $500,000 owing to it on account of the Property. The Debtor disagrees with that amount. During the course of this chapter 11, the Debtor intends, among other things, work with the lender to propose a payment structure that reflects the correct amount owing.

5. There is no unsecured creditors' committee or other committee of creditors.

6. The Debtor expects rental receipts of approximately $1,000 in the next 30 days. The Debtor expects to pay approximately $600 in expenses on account of the Property during the next 30 days – none of which is on account of salary.

7. No property is within the possession of any party other than the Debtor.

8. The Debtor's books and records are maintained by the Debtor.

9. The Debtor's principal management is identified above.

10. The Debtor believes that it will be able to negotiate a settlement with its creditors and propose a viable and confirmable Plan of Reorganization.

Dated: June 22, 2016

        **9010 H Development Corp.**
        *Chapter 11 Debtor and Debtor-in-Possession*


        By:  */s/ David Cohan*
            Name:  David Cohan

# CORPORATE OWNERSHIP STATEMENT
# OF
# 9010 H DEVELOPMENT CORP.

        No corporation directly or indirectly owns 10% or more of any class of the Debtor's equity interests.

Dated: June 22, 2016

By:   */s/ David Cohan*
       David Cohan

**United States Bankruptcy Court**
**Eastern District of New York, Brooklyn Division**

**IN RE:**  Case No. _____

**9010 H Development Corp.**_____  Chapter **11**_____
                                    Debtor(s)

## VERIFICATION OF CREDITOR MATRIX

The above named debtor(s) or attorney for the debtor(s) hereby verify that the attached matrix (list of creditors) is true and correct to the best of their knowledge.

Date: **June 22, 2016**_____     */s/ David Cohan*_____
                                            Debtor

                                            _____
                                            Joint Debtor

                                            _____
                                            Attorney for Debtor

**NYC Department of Finance**
**Tax, Audit and Enforcement Division**
**345 Adams Street, 10th Floor Brooklyn,**
**New York 11201-3719**

**New York City Water Board**
**Department of Environmental Protection**
**Andrew Rettig, Assistant Counsel**
**59-17 Junction Blvd, 13th Floor**
**Flushing NY 11373-5108**

**Internal Revenue Service**
**P.O. Box 7346**
**Philadelphia, PA 19101-7346**

**ConEd**
**Attn Bankruptcy Dep't**
**4 Irving Place, Room 700**
**New York, NY 10003**

**Washington Mutual**
**c/o Jeffrey Kosterich & Assocs**
**68 Main Street, # 1**
**Tuckahoe, NY 10707**

**Washington Mutual**
**c/o ROSICKI ROSICKI & ASSOC., P.C.**
**51 EAST BETHPAGE ROAD**
**PLAINVIEW, N.Y. 11803**

**Wilmington Savings Fund Society, FSB**
**c/o Jeffrey Kosterich & Assocs**
**68 Main Street, # 1**
**Tuckahoe, NY 10707**

© 2016 CINgroup 1.866.218.1003 – CINcompass (www.cincompass.com)

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Eastern District of New York, Brooklyn Division

In re __9010 H Development Corp.__  
Debtor(s)

Case No. _____  
Chapter **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

    For legal services, I have agreed to accept ........................................ $ **225/hr**  
    Prior to the filing of this statement I have received ............................ $ **$2,500.00**  
    Balance Due ............................................................................................. $ _____

2. The source of the compensation paid to me was:

    ■ Debtor     ☐ Other (specify):

3. The source of compensation to be paid to me is:

    ■ Debtor     ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

    ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

    a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
    b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
    c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
    d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

---

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**June 22, 2016** _____  
*Date*

_____  
**Eric Horn**  
*Signature of Attorney*  
**Vogel Bach & Horn** LLP

**1441 Broadway** - 5th Floor  
**New York, NY 10018**

**ehorn@vogelbachpc.com**  
*Name of law firm*